## CORS v. STATE MUT. LIFE ASSUR. CO. et al.

### No. 11463.

United States Court of Appeals
Sixth Circuit.

April 23, 1952.

D. T. Hackett, Cincinnati, Ohio, John H. Kilduff, Harry L. Riggs, and D. T. Hackett, all of Cincinnati, Ohio, on brief, for appellant.

Harry E. Marble and Richard H. Pennington, Cincinnati, Ohio, for appellee State Mut. Life Assur. Co.

Robert Adair Black, Richard H. Pennington, Edward J. Dempsey, and Edward A. Burke, all of Cincinnati, Ohio, on brief, for appellees Helen Costello et al.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

Ralph E. Cors, Administrator of the Estate of Maurice F. Roberts, deceased, appeals from a summary judgment entered

by the district court, distributing to individual appellees the proceeds of a life insurance policy in the State Mutual Life Assurance Company, in which Roberts was insured. In the original policy, Alvina Roberts, the wife of the insured, was named as beneficiary. On March 30, 1935, Mrs. Roberts filed a petition in the Probate Court of Marion County, Indiana, seeking appointment as guardian of her husband, then forty-three years of age, on the ground that he was incapable of managing his estate and business affairs because of infirmity. The petition was filed by virtue of an Indiana statute, Burns' Ann. St. § 4–2910, giving the probate court original jurisdiction in all matters pertaining to the appointment of guardians of estates of infirm and improvident persons, minors, drunkards, and persons of unsound mind. The probate court, upon the filing of the petition, appointed Alvina Roberts guardian of her husband, directing the clerk of the court, on a certain legal form, to issue Letters of Guardianship. On the form, the probate judge struck out, after the name of the ward, the descriptive words, "a minor, insane, deceased," and wrote in the word, "infirm." Thereafter, during the course of the guardianship, Mrs. Roberts, on June 21, 1935, filed a petition with the said probate court to add contingent beneficiaries to the life insurance policy in question in the following particulars: Mrs. Roberts herself was beneficiary in the original policy. She petitioned the court to alter the policy by providing that in case she predeceased her husband, the beneficiaries would be the individual appellees in these proceedings. Her husband, the ward, filed a consent to the petition, setting forth that he fully understood and comprehended the significance of changing the beneficiaries, and agreed and consented to such change. He also appeared in open court and supported the petition by his testimony; and the court, after hearing the evidence and finding that the addition of the contingent beneficiaries was for the best interests of the ward, entered an order granting the guardian permission to change the policy in accordance with the prayer of the petition; and the addition of the contingent beneficiaries was thereafter accordingly made in the policy of insurance on the life of Roberts. Mrs. Roberts thereafter predeceased her husband, and upon his death, the insurance company, on the filing of a Bill of Interpleader, paid the money represented by the policy into court.

It is claimed by appellant that at the time Roberts consented to the change of beneficiary and supported the petition by his testimony in open court, he was mentally incompetent, and that the order of the Probate Court of Marion County, Indiana, was, therefore, void. However, there was never adjudication by the courts of Indiana, prior to the filing of the petition to change beneficiaries, that Roberts was mentally incompetent. The only adjudication in that state was that he was "infirm," a status distinguished from "unsound mind" in the statute, and, further, specifically distinguished from "insanity" by the probate judge, as appears in the court's order to the clerk to issue the Letters of Guardianship. It is impossible to conclude that the Marion County Probate Court could have considered Roberts mentally incompetent at the time the petition to change the beneficiaries was filed, in view of the fact that the court, in entering its order, relied both upon Roberts' written consent to the changes of beneficiaries and upon his testimony in open court. It is true that on April 1, 1935, the day on which Roberts' wife was appointed his guardian, Mrs. Roberts filed a petition for allowance of funds from his estate in order to care for him on the ground that he was in such physical condition that he was in need of constant attention, both mental and physical; but this is not enough to compel us to hold that Roberts, at that time, was insane or of unsound mind; and from everything that appears, the probate court, then, considered him mentally competent. Nor is the fact that in the following year, Roberts was, on February 6, 1936, adjudged mentally incompetent in the State of Ohio by the Probate Court of Hamilton County of controlling importance. The orders of the Probate Court of Indiana are not subject to collateral attack except for fraud.

It is contended, however, that that court had no jurisdiction to enter the order permitting the guardian to change the beneficiaries in the policy on the life of Roberts, inasmuch as, according to the Indiana statutes, a guardian can only exercise his powers for the best interests of his ward. It is claimed that a change of beneficiaries in the policy in question was an attempt to dispose of the ward's estate upon his death; that such action could in no way be considered for his best interests; and that the probate court, therefore, had no jurisdiction to enter an order permitting such change of beneficiaries. It appears that in a petition by Mrs. Roberts for authority to change beneficiaries in another policy on the life of her husband, she outlined the reasons for such petition because of "certain moral and financial obligations" toward the proposed contingent beneficiaries.

We are of the view that, since the Indiana Probate Court had jurisdiction of the guardianship proceedings in question, its order in this case is not subject to collateral attack and must be given full faith and credit under Article IV, Section 1, of the Constitution of the United States. We find no force in the claim that the nomination of beneficiaries and request filed with the insurance company by the guardian was testamentary in effect and in violation of the laws of Indiana with respect to wills. The instrument was an insurance policy; it was not a testamentary disposition of property; and it did not require testamentary witnesses. Since the Probate Court of Marion County had jurisdiction of the guardianship in question, and since Roberts can not be held by us to have been mentally incompetent when he supported the petition of his guardian for a change of beneficiaries, we find no error in the entry of a summary judgment by the district court ordering distribution of the proceeds of the life insurance policy to the appellees who were designated as contingent beneficiaries in the order entered by the probate court upon the petition of Mrs. Roberts.

In accordance with the foregoing, the judgment of the district court is affirmed.